THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The Reed Action Judgment Creditors, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 23-cv-01442-GBW |
| ) | |
| Alecto Heath Care Services LLC, ) | |
| ) | |
| Appellee/Debtor. ) | |

**DEBTOR/APPELLEE, ALECTO HEALTHCARE SERVICES LLC'S, MOTION FOR AN ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, DENYING LEAVE TO APPEAL**

Debtor, Alecto Healthcare Services LLC ("Alecto") by and through its undersigned counsel, hereby moves (the "Motion") to dismiss the appeal (the "Appeal") filed by the Reed Action Judgment Creditors (the "Reed") from the Bankruptcy Court's *Order Denying Objection of the Reed Action Judgment Creditors to Debtor's Designation of this Case as A Subchapter V Case and Motion to Revoke Debtor's Designation as a Subchapter V Debtor* entered on December 4, 2023 (Bankr. Dkt. No. 243) (the "Denial Order") for lack of jurisdiction.[1] In support of this Motion, Alecto respectfully states:

---

[1] For the reasons set forth below, if the Court deems the Notice of Appeal (as defined below) to be a motion for leave to appeal pursuant to Federal Rule of Bankruptcy Procedure 8004(d), Alecto requests that this motion be treated as if it was an objection to the motion for leave.

16461653

## **PRELIMINARY STATEMENT**[2]

1.  Alecto is a chapter 11 Debtor in a Subchapter V Bankruptcy Case, No. 23-10787 pending in the Bankruptcy Court for the District of Delaware. Since the commencement of the case, Reed has virtually opposed any relief sought by the Debtor throughout the case, including, most recently, Reed's unsuccessful attempt to revoke the Debtor's Designation as a Subchapter V Debtor. Virtually all attempts by Reed have been uniformly rejected, most recently by entry of the Bankruptcy Court's Denial Order. Reed has now filed an appeal of the Denial Order. Like all other efforts of Reed to harass and impose its will on Alecto, this appeal should be promptly rejected.

2.  The Notice of Appeal asserts that the appeal is taken pursuant to 28 U.S.C. § 158(a). Section 158(a) provides that this Court has jurisdiction to hear an appeal from "final judgments, orders, and decrees . . . [and] with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceeding referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1) – (3). Not surprisingly, the Notice of Appeal does not assert that the Denial Order is a "final" order. As set forth herein, the Denial Order –

---

[2] Capitalized terms used in this preliminary statement shall have the meanings set forth herein.

analogous to similar orders that deny conversion of a bankruptcy case from Chapter 11 to Chapter 7 – is *not* a final order.  Thus, the Appeal should be dismissed as this Court lacks jurisdiction because the Denial Order is not a final order and there is no basis, let alone any legitimate request, for leave to appeal the interlocutory Denial Order. As explained in further detail below, the Denial Order fails all of the applicable tests for finality.

## SUMMARY OF ARGUMENT

3. First, the Denial Order is not final because it leaves additional work for the Bankruptcy Court, including handling all aspects of the on-going bankruptcy case.  Second, the Denial Order does not implicate a purely legal issue. Rather, whether to revoke a subchapter V debtor's designation is squarely within the sound discretion of the court that is fully familiar with the entire proceeding, in this instance, the Bankruptcy Court.  Third, the Denial Order has no impact upon the assets of the debtor's estate because it does not finally determine the allowance or disallowance of any claims. Fourth, the Denial Order would not have preclusive effect on the merits of any subsequent litigation.  Finally, allowing an appeal of the Denial Order would not further judicial economy.  Additionally, the Denial Order does not dispose of a discrete dispute and should not be considered final on those grounds.

4. As the Denial Order is an interlocutory order, the Court may elect to treat the Notice of Appeal as a motion for leave pursuant to Federal Rule of Bankruptcy Procedure 8004(d).[3] If the Court were to treat the Notice of Appeal as a request for leave to file an interlocutory appeal, however, such a request should be denied. Of the four elements required for leave to appeal an interlocutory order, none are present here and, accordingly, the Appeal should be dismissed.

5. First, the Appeal does not implicate a controlling question of law as there is nothing in this Appeal that would set it apart from a typical interlocutory order. Second, there is no substantial ground for difference of opinion because the decision – following a 5-hour evidentiary hearing – to leave intact the Debtor's designation as a Subchapter V bankruptcy case was purely in the Bankruptcy Court's discretion. Third, an immediate appeal would not materially advance termination of any litigation. And fourth, an appeal of the Denial Order does not meet the "exceptional circumstances" required for an interlocutory appeal.

6. For these reasons, the Appeal should be dismissed.

## BACKGROUND

7. Alecto commenced its bankruptcy case on June 16, 2023. Consistent with its obligations under 11 U.S.C. § 1182(1) and Fed. R. Bankr. P. 1020, Alecto

---

[3] Reed does not cite to Rule 8004 in its notice of appeal.

designated its bankruptcy case as subject to the provisions of Subchapter V of chapter 11 of title 11 of the United States Bankruptcy Code, and filed the required statement so designating the case as a subchapter V case.

8. Pursuant to Fed. R. Bankr P. 1020(a), "the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect."

9. On November 2, 2023, Reed timely filed its *Objection of the Reed Action Judgment Creditors to Debtor's Designation of this Case as a Subchapter V Case and Motion to Revoke Debtor's Designation as a Subchapter V* Debtor (Bankr. D.I. No. 204) (the "Reed Objection"). The Debtor thereafter timely filed its "Preliminary Response" to the Reed Objection (Bankr. Dkt. No. 226) and on November 27, 2023, Reed filed its reply in support of the Reed Objection (Bankr. Dkt. No. 227). On November 29, 2023, the Bankruptcy Court held an evidentiary hearing.

10. On December 1, 2023, the Bankruptcy Court issued its ruling denying the Reed Objection. On December 4, 2023, the Bankruptcy Court entered the Denial Order ruling that, based on the opinion of the Court stated on the record at the December 1, 2023 hearing, the Reed Objection was denied.

11. On December 18, 2023, Reed filed its Notice of Appeal (Bankr. Dkt. 257). While Reed could have done so, Reed did not file a motion for leave to appeal.

## RELIEF REQUESTED

12. By this Motion, Alecto seeks an order dismissing the Appeal for lack of jurisdiction, or in the alternative denying Reed leave to appeal the Denial Order.

## BASIS FOR RELIEF REQUESTED

### I. The Appeal Should Be Dismissed Because the Denial Order Is Not Final

13. Reed's appeal of the Denial Order as a matter of right pursuant to 28 U.S.C. § 158(a) is improper under the "pragmatic" approach to finality applied in the Third Circuit to bankruptcy appeals.

14. Pursuant to 28 U.S.C. § 158(a)(1), the Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The Third Circuit has found that "[i]n bankruptcy cases, finality is construed more broadly than for other types of civil cases." *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005) (*citing In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 470 (3d Cir. 1998)). Courts in this jurisdiction have considered the following factors in applying the "flexible, pragmatic approach" to finality, while noting that no specific combination of

factors is dispositive:

> (1) whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (4) the necessity for further fact- finding on remand to the Bankruptcy Court, (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation, and (6) the furtherance of judicial economy.

*Kaiser Group Int'l, Inc., v. Mittal Stvel Ostrava (In re Kaiser Group Int'l, Inc.),* 400 B.R. 140, 143 (D. Del. 2009) (citations omitted); *see also In re Reliant Energy Channelview, LP,* 397 B.R. 697, 699 (D. Del. 2008) *(*citing *U.S. v. Pelullo*, 178 F.3d 196, 200-201 (3d Cir. 1999)). Similarly, other courts have found that "[b]ankruptcy court orders are considered final and therefore appealable as of right *only* when they finally dispose of discrete disputes within the larger case." *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 720 (S.D.N.Y. 1994) (emphasis added and internal quotations and citations omitted).

15. While it appears that no court has yet had an opportunity to determine whether an order denying a challenge to a debtor's subchapter V election is a final order, Alecto contends that consideration of the issue is similar to courts' evaluation of whether orders denying a creditor's motion to dismiss or convert a chapter 11 case are final. *See, e.g., In re CYMA Cleaning Contractors*

*Inc,* 2023 WL 7117445 at *4 (Bank. D.P.R. (October 27, 2023) (analogizing revocation of a subchapter V designation as a conversion to a regular chapter 11 case).

16. Thus, the flexible, more pragmatic approach to finality applied to bankruptcy appeals is not without limits. For example, Courts applying this standard to similar circumstances have concluded that orders denying motions to convert chapter 11 cases to chapter 7 or denying motions to dismiss are interlocutory. *In re Fox*, 241 B.R. 224 (10th Cir. BAP 1999) ("Orders denying motions to convert are … not final."); *see also Maquoketa State Bank v. Hayes (In re Hayes)*, 220 B.R 57, 62 (N.D. Iowa 1998) (orders declining to convert a bankruptcy case to a case under another chapter are not "final orders" from which appeal will lie as a matter of right); *Richter v. Klein/Ray Broadcasting*, 100 B.R. 509 (9th Cir. BAP 1987) (holding that a denial of a motion to convert from Chapter 11 to Chapter 7 is not a final order); *In re Gabriel Technologies Corp.,* 2013 WL 4672785 (N.D. Cal. 2013) (declining to hear an interlocutory order that denied a motion to convert from Chapter 11 to Chapter 7); *United States Bakery v. Svenhard's Swedish Bakery*, 632 B.R. 312 (9th Cir. BAP 2021) (denial of conversion was not a final order); *In re Salem*, 465 F.3d 767 (7th Cir. 2006) (same in the context of denial of a motion to convert from Chapter 7 to Chapter 13);

Comm 2013 CCRE12 Crossing Mall Road, LLC v. Tara Retail Group, LLC, 2017 WL 2837015 (N.D.W.Va. 2017) (holding that denial of a motion to dismiss under 11 U.S.C. §1112(b) was not a final appealable order).

17. The primary rationale offered supporting the idea that denial of a motion to convert is not a final order is that it "is not an order that impacts either the assets of the bankruptcy estate or the priority of creditors … The order does not conclude the bankruptcy case; instead it permits the case as a whole to continue." *Fox*, *supra* 241 B.R. at 229-230; see also *Hayes, supra,* 220 B.R. at 62 (holding that an order denying a motion to convert was not appealable as a "final order" since the order does not impact a creditor's recovery . . . .).

18. Here, the Denial Order is an interlocutory order similar to those types of orders described above.

19. Applying the pragmatic factors test here also makes it apparent that the Denial Order is interlocutory. First, the Denial Order leaves additional work to be done by the Bankruptcy Court; indeed, the entire bankruptcy case will need to continue.

20. Second, the Denial Order does not implicate a purely legal issue. Analogizing the Denial Order to an order denying a motion to dismiss or convert a bankruptcy case hinges on the sound discretion of the Bankruptcy Court. See 11

U.S.C. § 1181 and Fed. R. Bankr. P. 1020; *In re 15375 Memorial Corp.*, 2008 WL 2698678 (D. Del. 2008) ("pure question of law has not been stated. Bankruptcy Code Sections 1112(b)(1) and (b)(2) provide that the bankruptcy court has discretion not to convert or dismiss . . . ." . . . "This review is necessarily fact intensive . . . Such factual issues preclude a direct appeal"); *In re East West Resort Develop. V, L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. September 12, 2014) (citing *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y.2002); *In re Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y.2001); *In re French*, 145 B.R. 991, 993 (Bankr. D.S.D.1992).

21.     Moreover, as the Bankruptcy Court for the District of Delaware has noted, there is a "statutory contemplation that the decision whether to proceed under subchapter V would typically be committed to the debtor's discretion" and therefore "any authority to override the debtor's judgment ought to be exercised only as a last resort . . . ." *In re: ComedyMX, LLC*, 647 B.R. 457, 464 (2022). This statement by the Court weighs in favor of determination of Subchapter V status being discretionary not only on the part of the Debtor but on the part of the Court, after notice and an opportunity to be heard.

22.     Likewise, Fed. R. Bankr. P. 1020(a) notes that a Subchapter V bankruptcy shall continue as a Subchapter V case "unless and until the court enters

an order finding that the debtor's statement is incorrect." Here, the Court has not determined that the debtor's statement was incorrect – accordingly the default procedure in those circumstances requires this case to proceed in accordance with the Subchapter V provisions. This does *not* support any notion that the Denial Order is a final order subject to appeal.

23. Third, the Denial Order does not impact any of the assets of the debtor's estate. The Denial Order does not contemplate removal or diminution of any current estate assets nor does it decide the rights of any creditor to assets of the Debtor's estate. Rather, the Denial Order only determined that Alecto's bankruptcy case would be administered pursuant to the provisions of Subchapter V.

24. Fourth, given that the Bankruptcy Court took into consideration the facts and circumstances of this particular case before ruling on the Reed Objection supports the view that the Bankruptcy Court's Denial Order was within the sole discretion of the Bankruptcy Court made after an evidentiary hearing.

25. Fifth, the Denial Order does not have a preclusive effect on any subsequent litigation. The Bankruptcy Court expressly did not finally adjudicate the merits of Reed's alleged claims against Alecto, effect a distribution of assets or otherwise affect any of the rights of any of Alecto creditor.  Indeed, as the Court

stated in its December 1, 2023 ruling: "This ruling relates solely to eligibility. The Court is neither allowing nor disallowing any creditors' claim for purposes of Section 502. All of the parties [sic] rights are reserved in their entirety with respect to any potential claims allowance dispute."[4]

26. Finally, the Denial Order does not dispose of a discrete dispute or determine any creditor's rights to a claim or distribute estate assets. A discrete dispute has been interpreted to mean "at least an entire claim on which relief may be granted." *Towers Fin.*, 164 B.R. at 720 (citations omitted). Denying a creditors' attempt to challenge a debtor's statement that it is eligible for treatment under Subchapter V of the bankruptcy code is simply not a final order.

27. In sum, none of the above factors weigh in favor of finding that the Denial Order is final, nor is the Denial Order a "discrete dispute." Accordingly, the Denial Order is interlocutory, and as set forth herein, the Appeal should be dismissed.

II. **Reed Should Not Be Given Leave To Appeal The Denial Order Under 28 U.S.C. § 158(a)(3)**

28. The Denial Order is not a final order that Reed is entitled to appeal as

---

[4] Despite the Denial Order being based on "the reasons set forth on the record at the Hearing," Denial Order at 1, Reed failed to attach a copy of the hearing transcript to its Notice of Appeal. Alecto has attached the hearing transcript as **Exhibit A** hereto.

of right under 28 U.S.C. § 158(a)(1). Instead of filing the Notice of Appeal, Reed should have filed a motion for leave to appeal an interlocutory order pursuant to 28 U.S.C. §158(a)(3). Bankruptcy Rule 8004(d) provides that where an appellant timely files a notice of appeal but does not move for leave to appeal, the court "may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d). Should the Court decide to treat Reed's Notice of Appeal as a motion for leave to appeal, the Court should deny the motion. For the reasons set forth above and below, Reed does not, and cannot, meet the requirements for leave to appeal an interlocutory order.

29. In considering motions for leave to appeal interlocutory orders of bankruptcy courts, this Court has applied the criteria set forth in 28 U.S.C. § 1292(b), which governs certification of interlocutory appeals in civil proceedings. *Kaiser*, 400 B.R. at 145. Section 1292(b) permits an interlocutory appeal where "(1) the order from which the appeal is sought involves a controlling question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. All three elements must be met for the Court to grant an interlocutory appeal. *Id*. (citing *Trotter v. Perdue Farms Inc.*, 168 F.

Supp.2d 277, 287 (D. Del. 2001)). The Court has discretion to permit an interlocutory appeal, however, courts have noted that "certification of an interlocutory appeal is granted sparingly and only in exceptional circumstances." *Id.* (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996)) *aff'd* 141 F.3d 1154 (3d Cir. 1998)). None of the elements for granting leave to appeal is present here; therefore, leave should be denied.

30. First, Reed's appeal does not implicate a controlling question of law. Courts have found that in the context of an interlocutory appeal, "the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Royce Homes*, 466 B.R. at 94. (citations omitted). There is nothing in Reed's appeal that would set it apart from any other typical order denying conversion of a bankruptcy case, which as noted above, are generally considered interlocutory.

31. Second, there is not substantial ground for difference of opinions. What is before this Court is an appeal of the Bankruptcy Court's denial of Reed's unsuccessful challenge to the Debtor's status as a subchapter V debtor, a decision that was within the discretion of the Court. The Court held a 5-hour evidentiary hearing, and considered the one witness and significant documentary evidence. This does not create a substantial ground for difference of opinions because the

decision was purely in the Bankruptcy Court's discretion.

32. Third, an immediate appeal would not materially advance the ultimate termination of the litigation. There are multiple matters that remain to be addressed in the bankruptcy case, including crafting and negotiating a plan and disclosure statement in this instance, none of which would be materially impacted by the proposed appeal, let alone materially advanced as a result of such appeal.

33. Finally, even if Reed could satisfy the three elements above (which it has not and cannot), Reed would still need to show that there were "exceptional circumstances" justifying the immediate appeal. *Kaiser*, 400 B.R. at 145. But no exceptional circumstances are present in this case. Reed has simply appealed a denial of its challenged to the Debtor's status as a Subchapter V debtor which is similar to denial of a motion to convert. There is nothing exceptional about the Bankruptcy Court exercising its discretion after a full evidentiary hearing to decline to unravel the Debtor's election to proceed under Subchapter V of the chapter 11 of the bankruptcy code.

34. As such, for the reasons set forth above, if this Court reaches the issue of whether leave for appeal should be granted, leave should be denied.

16461653

## **CONCLUSION**

WHEREFORE, Alecto respectfully requests that the Court: (i) (a) dismiss the appeal, or (b) in the alterative decline to grant Reed leave to appeal, and (ii) grant Alecto such other and further relief as may be just and proper.

December 27, 2023              **MORRIS JAMES LLP**

/s/ *Jeffrey R. Waxman*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel to the Debtor and Debtor in Possession*