IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Alecto Healthcare Services LLC, | ) | Case No. 23-10787 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| The Reed Action Judgement Creditors, | ) | |
| | ) | Civil Action No. 1:23-cv-01442-GBW |
| | ) | |
| Appellants, | ) | Bankruptcy BAP No. 23-65 |
| | ) | |
| v. | ) | |
| | ) | **Related Docket No. 3** |
| Alecto Healthcare Services LLC, | ) | |
| | ) | |
| Appellee. | ) | |

**OPPOSITION OF APPELLANTS THE REED JUDGMENT CREDITORS TO DEBTOR/APPELLEE ALECTO HEALTHCARE SERVICES, LLC'S MOTION FOR AN ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, DENYING LEAVE TO APPEAL**

Appellants the Reed Action Judgment Creditors (the "Reed Creditors"), by and through undersigned counsel, submit their Opposition to *Debtor/Appellee Alecto Healthcare Services, LLC' Motion for an Order Dismissing Appeal for Lack of Jurisdiction or, Alternatively, Denying Leave to Appeal* [Docket No. 3] (the "Motion"). In support of their Opposition, the Reed Creditors respectfully State as follows:

## BACKGROUND

1.	Debtor Alecto Healthcare Services, LLC ("Alecto") filed its petition for relief under chapter 11 of the Bankruptcy Code on June 16, 2023. On Line 8 of the Petition, Alecto elected to proceed under subchapter V of chapter 11 and, in doing so, swore to its eligibility as a "debtor" under 11 U.S.C. § 1182(1).

2.	The Reed Creditors timely filed their O*bjection of the Reed Action Judgment Creditors to Debtor's Designation of this Case as a Subchapter V Case and Motion to Revoke Debtor's Designation as a Subchapter V Debtor* [Bankruptcy Docket No. 204] (the "Eligibility Motion") on November 2, 2023. The Reed Creditors filed and served a notice of the Eligibility Motion and objection deadline with the Eligibility Motion and, on November 10, 2023, filed and served a notice of the hearing date for the Eligibility Motion [Bankruptcy Docket No. 219].

3.	On November 22, 2023, Alecto filed the *Preliminary Response of the Debtor to the O*bjection *of the Reed Action Judgment Creditors to Debtor's Designation of this Case as a Subchapter V Case and Motion to Revoke Debtor's Designation as a Subchapter V Debtor* [Bankruptcy Docket No. 226]. The Reed Creditors filed their *Reply in Response to Preliminary Response of the Debtor to the Objection of the Reed Action Judgment Creditors to Debtor's Designation of this Case as a Subchapter V Case and Motion to Revoke Debtor's Designation as a*

2

*Subchapter V Debtor* [Bankruptcy Docket No. 227] (the "Reply") on November 27, 2023.

4.  The Bankruptcy Court conducted an evidentiary hearing on the Eligibility Motion on November 29, 2023. The Bankruptcy Court issued its ruling denying the Eligibility Motion on December 1, 2023 and entered its Order Denying the Eligibility Motion [Bankruptcy Docket No. 243] (the "Eligibility Order") on December 4, 2023. The Reed Creditors timely filed their Notice of Appeal from the Eligibility Order on December 18, 2023.

5.  Alecto filed the Motion on December 27, 2023.

## OPPOSITION

### I. The Test for Determining whether a Bankruptcy Court order is a Final Order.

6.  In civil litigation, 28 U.S.C. § 1291 governs appeals from "final decisions." 28 U.S.C. §1291. Under Section 1291, a party may appeal to a court of appeals as of right from "final decisions of the district courts." *Id*. "A 'final decision' within the meaning of § 1291 is normally limited to an order that resolves the entire case. Accordingly, the appellant must raise all claims of error in a single appeal." *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020).

7.  "The ordinary understanding of 'final decision' is not attuned to the distinctive character of bankruptcy litigation." *Id*. Unlike civil litigation, "[a] bankruptcy case encompasses numerous 'individual controversies, many of which

3

would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Id.* (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (internal quotations omitted)). Bankruptcy cases often encompass numerous individual controversies, and it is common for bankruptcy courts to finally determine discrete controversies arising within the bankruptcy proceeding while the bankruptcy proceeding is pending. *Ritzen* at 586-587. "Delaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes." *Id.*

8. 28 U.S.C. § 158(a) grants United States district courts the authority to hear and determine bankruptcy appeals. *See Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020). Pursuant to Section 158(a), "an appeal of right lies from 'final judgments, orders, and decrees' entered by bankruptcy courts 'in cases and proceedings.'" *Id.* (quoting 28 U.S.C. § 158(a)). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen*, 140 S. Ct. at 587 (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (internal quotations omitted)).

9. In *Ritzen*, Ritzen sought relief from the automatic stay in the bankruptcy court to pursue pending breach of conduct litigation in state court. *Ritzen*, 140 S. Ct.

4

at 587. The bankruptcy court entered an order denying Ritzen's relief from stay motion and Ritzen did not file a notice of appeal within fourteen days of the entry of the order. *Id.* Ritzen then pursued his breach of contract claim through an adversary proceeding in the bankruptcy court. *Id.* The bankruptcy court ruled that Ritzen, not the debtor, breached the contract at issue and disallowed Ritzen's claim. *Id.* at 587-88. Thereafter, Ritzen filed notices of appeal from the order denying his relief from stay motion and the order disallowing his claim. *Id.* at 588.

10. The district court dismissed Ritzen's appeal of the order denying stay relief and the 6th Circuit Court of Appeals affirmed. In so ruling, the Court of Appeals determined that "[a]djudication of Ritzen's motion for relief from the automatic stay qualified as a discrete 'proceeding,' commencing with the filing of the motion, followed by procedural steps, and culminating in a '[dispositive] decision based on the application of a legal standard.'" *Id.* (quoting *In re Jackson Masonry, LLC*, 906 F.3d 494, 499–500 (2018). The Court of appeals concluded that the "14-day appeal clock … ran from the order denying the motion to lift the stay, a disposition '(1) entered in a proceeding and (2) final[ly] terminating that proceeding.'" *Ritzen* at 588 (quoting *Jackson Masonry*, 906 F.3d at 499).

11. The Supreme Court granted certiorari and affirmed the Court of Appeals. The Court agreed with the Court of Appeals that a stay-relief adjudication is an appropriate proceeding to give rise to a final Order. *Ritzen* at 589. "A

5

bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings." *Id.* A motion for relief from stay "initiates a discrete procedural sequence, including notice and a hearing, and the creditor's qualification for relief turns on the statutory standard." *Id.* The Supreme Court found that "a discrete dispute of this kind constitutes an independent 'proceeding' within the meaning of 28 U.S.C. § 158(a)." *Id.* The Court further noted that

> Section 158(a) asks whether the order in question terminates a procedural unit separate from the remaining case, not whether the bankruptcy court has preclusively resolved a substantive issue. It does not matter whether the court rested its decision on a determination potentially pertinent to other disputes in the bankruptcy case, so long as the order conclusively resolved the movant's entitlement to the requested relief.

*Id.* at 591. As a result, the Court ruled that an order denying a motion for relief from stay is a final order for purposes of 28 U.S.C. § 158(a). *Id.* at 592.

12. The Third Circuit had the opportunity to apply the test annunciated by the Supreme Court in *Ritzen* shortly after that opinion was issued. *See In re Energy Future Holdings Corp*, 949 F.3d 806 (3d Cir. 2020). In *Energy Future Holdings*, the Third Circuit considered the issue of whether an order denying latent asbestos claimants' motion in opposition to the bar date constituted a final, appealable order for purposes of *Ritzen*. *Id.* at 817. The *Energy Future Holdings* Court found that

> A final order in bankruptcy, *Ritzen* instructs, is one that "disposes of a procedural unit anterior to, and separate from, claim-resolution

6

> proceedings." *Id.* at ––––, 140 S. Ct. 582, 2020 WL 201023, at *5. As the Supreme Court described it, such a separate procedural unit, like the stay-relief proceedings at issue in *Ritzen*, generally "initiates a discrete procedural sequence, including notice and a hearing"; requires application of a "statutory standard"; and does "not occur as part of the adversary claims-adjudication process."

*Id.* The Third Circuit found that Energy Future Holdings' "motion to establish a bar date initiated a procedural sequence, including notice and hearing…." *Id.* The Court, however, found that the bar date order was not a final order because (i) there was no statutory standard applicable to the issue of whether the bar date order should apply to latent asbestos claimants and (ii) the bar date dispute was intertwined with the claims-adjudication process. *Id.* at 817-18.

## II. The Eligibility Order is a Final Order Under *Ritzen* and *Energy Future Holdings*.

13. Alecto incorrectly applies a six-factor test derived from case law pre-dating *Ritzen* in arguing that the Eligibility Order is not a final order. Motion ¶ 14. This six-factor test is no longer applicable following *Ritzen* and *Energy Future Holdings*. Rather, a final order in bankruptcy is one that (i) disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings, (ii) requires application of a statutory standard, and (iii) does not occur as part of the adversary claims-adjudication process. *Energy Future Holdings*, 949 F.3d at 817. The Eligibility satisfies each of these requirements.

7

14. First, the Eligibility Order denied the Eligibility Motion and finally determined that Alecto is eligible to be a Subchapter V debtor. The Eligibility Motion was a discrete procedural unit—it initiated a discrete procedural sequence, including notice, the opportunity to object and an evidentiary hearing.

15. Second, the bankruptcy court's determination of the Eligibility Motion required the application of a statutory standard. Section 1182(1)(A) of the Bankruptcy Code defines a "debtor" as

> a person engaged in commercial or business activities . . . that has aggregate non-contingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor[.]

11 U.S.C. § 1182(1)(A). The bankruptcy court was required to apply this statutory standard to determine whether Alecto is eligible to be a Subchapter V debtor.[1]

---

[1] The Debtor's contention that the bankruptcy court's ruling does not implicate a purely legal issue and that the decision to revoke the subchapter V designation is within the sound discretion of the Court is misplaced. [Motion, ¶¶ 20-22]. In the briefing on the Eligibility Motion, there was no dispute that the Debtor bears the burden of proof to establish its eligibility to proceed as a subchapter V debtor. See Reply, D.I. 227 at ¶ 1, citing *In re Blue*, 630 B.R. 179 (Bankr. M.D.N.C. 2021) ("To proceed under subchapter V, a debtor must meet the definition of a debtor under § 1182(1) and must elect its application."); *In re Fama*. 72 Bankr. Ct. Dec. 227 (Bankr. E.D.N.Y 2023) ("In order to be eligible to proceed under this Subchapter, courts agree that… the Debtor's aggregate debt as of the Petition Date must not exceed $7,500,000…"). While the Bankruptcy Court must determine whether a Debtor has aggregated noncontingent liquidated secured and unsecured debts as of the filing of the petition in an amount not more that $7,500,000, its finding does not give rise to

16.     Third, the issue of whether Alecto is eligible to be a Subchapter V debtor is totally anterior to and separate from the claims-adjudication process. The Eligibility Order ruled that Alecto is eligible to be a Subchapter V debtor and enjoy the benefits of Subchapter V. While this determination may well affect the distributions that creditors receive under a confirmed plan as a result of the scaled-down requirements for confirmation of a Subchapter V plan ,as permitted under 11 U.S.C. § 1191, it will have no effect on the adjudication of creditors' claims.

17.     Based on the foregoing, this Court should find that the Eligibility Order is a final order ripe for appeal.

### III. Interlocutory Appeal.

18.     The Reed Creditors are not requesting leave to file an interlocutory appeal.

---

any discretion under the statute.  The application of that finding is mandatory—either the debtor qualifies to proceed under subchapter V or it does not.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Reed Creditors respectfully request that this Honorable Court deny the Motion and grant to the Reed Creditors such other and further relief as is just and proper.

Dated:  January 3, 2024                   S‌ULLIVAN · H‌AZELTINE · A‌LLINSON LLC

  /s/ William D. Sullivan
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
            whazeltine@sha-llc.com

and

Bren J. Pomponio, Esq.
Colten L. Fleu, Esq.
Mountain State Justice, Inc.
1217 Quarrier St.
Charleston, WV 25301
Tel: (304) 326-0188
Email:  colten@msjlaw.org
             bren@msjlaw.ord

and

John Stember, Esq.
Maureen Davidson-Welling, Esq.
Stember Cohn & Davidson-Welling, LLC
The Harley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
Tel: 412-338-1445
Email:	jstember@stembercohn.com
	mdavidsonwelling@stembercohn.com

*Counsel for The Reed Action Judgment Creditors*