THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The Reed Action Judgment Creditors, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 23-cv-01442-GBW |
| ) | |
| Alecto Heath Care Services LLC, ) | |
| ) | |
| Appellee/Debtor. ) | |

**DEBTOR/APPELLEE, ALECTO HEALTHCARE SERVICES LLC'S, REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, DENYING LEAVE TO APPEAL**

Debtor, Alecto Healthcare Services LLC ("Alecto" or the "Debtor"), by and through its undersigned counsel, hereby files this reply (the "Reply") in support of Debtor/Appellee Alecto Healthcare Services LLC's Motion for Order Dismissing Appeal for Lack of Jurisdiction or, Alternatively, Denying Leave to Appeal [D.I. 3] (the "Motion"). Pursuant to the Motion, Alecto seeks dismissal of the appeal (the "Appeal") filed by the Reed Action Judgment Creditors (the "Reed Creditors") from the Bankruptcy Court's *Order Denying Objection of the Reed Action Judgment Creditors to Debtor's Designation of this Case as A Subchapter V Case and Motion to Revoke Debtor's Designation as a Subchapter V Debtor* entered on December 4, 2023 (Bankr. Dkt. No. 243) (the "Denial Order") for lack of jurisdiction. On January 3, 2024, the Reed Creditors filed their *Opposition of Appellants the Reed Judgment*

16487845

*Creditors to Debtor/Appellee Alecto Healthcare Services, LLC's Motion for Order Dismissing Appeal for Lack of Jurisdiction or, Alternatively, Denying Leave to Appeal* (D.I. 6) (the "Reed Opposition") in response to the Motion.  Alecto files this Reply in support of its Motion.

## PRELIMINARY STATEMENT[1]

1. Alecto is a chapter 11 debtor in a Subchapter V Bankruptcy Case, No. 23-10787 pending in the Bankruptcy Court for the District of Delaware.  Since the commencement of the case, the Reed Creditors have virtually opposed all relief sought by the Debtor throughout the case, and now – with a hearing to consider confirmation of the Debtor's plan scheduled by the Bankruptcy Court for February 6, 2024 – they seek to appeal the Bankruptcy Court's Denial Order as a final order.  Like all other efforts of Reed to harass and impose its will on Alecto, this appeal should be promptly rejected.[2]

2. The Reed Opposition is notable for what it lacks.  First, the Reed

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

[2] Alecto notes with no small degree of irony that the Reed Creditors have challenged Alecto's eligibility for relief as a subchapter V debtor on the basis of their argument that *another creditor's* claim was not "contingent" as of the petition date.  That creditor – who appeared at the hearing on the Eligibility Motion – has never disputed the contingent nature of its claim as of the petition date, and has never argued that the Debtor is ineligible for relief under subchapter V.

Opposition doubles down on the "finality" of the Denial Order. It is an all or nothing gamble on the part of the Reed Creditors. The Reed Creditors neither ask for, nor provide any argument that they should be granted leave to appeal, should the Court determine that the Reed Creditors needed leave to appeal. Second, the Reed Opposition nowhere addresses Alecto's legal assertion that the Denial Order is analogous to, and should be viewed similarly to a bankruptcy court's order denying a creditor's motion to convert. *See, e.g., In re CYMA Cleaning Contractors Inc,* 2023 WL 7117445 at *4 (Bank. D.P.R. Oct. 27, 2023) (analogizing revocation of a subchapter V designation as a conversion to a regular chapter 11 case). Nowhere in the Reed Opposition do the Reed Creditors refute the cases cited by Alecto indicating that denial of a motion to convert is *not* a final order, or cite a single case supporting the idea that it might be.

3. Indeed, the Reed Opposition does not address Alecto's arguments because, as set forth below, conversion cases citing to *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) – which the Reed Creditors cite as the now applicable standard of review – have also rejected the notion that a bankruptcy court's denial of a conversion motion constitutes a final order. In sum, the Denial Order is not a final order subject to immediate appeal and should be dismissed. Likewise, because the Reed Creditors do not even ask for such relief, this Court

should deny leave to appeal.

## BASIS FOR RELIEF REQUESTED

### I.     The Appeal Should Be Dismissed Because the Denial Order Is Not Final

4.     The Reed Creditors assert that, as a result of the United States Supreme Court's decision in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020), the Denial Order is a final order. *Ritzen* does not support that argument. Nor does case law decided under, or subsequent to, *Ritzen.*

5.     As Alecto noted in its Motion, the Third Circuit takes a "pragmatic" approach to finality. The Third Circuit has found that "[i]n bankruptcy cases, finality is construed more broadly than for other types of civil cases." *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005) (*citing In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 470 (3d Cir. 1998)). Courts in this jurisdiction have considered the following factors in applying the "flexible, pragmatic approach" to finality, while noting that no specific combination of factors is dispositive:

> (1)    whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (4) the necessity for further fact-finding on remand to the Bankruptcy Court, (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation, and (6) the furtherance of judicial economy.

*Kaiser Group Int'l, Inc., v. Mittal Stvel Ostrava (In re Kaiser Group Int'l, Inc.),* 400 B.R. 140, 143 (D. Del. 2009) (citations omitted); *see also In re Reliant Energy Channelview, LP,* 397 B.R. 697, 699 (D. Del. 2008) (*citing U.S. v. Pelullo*, 178 F.3d 196, 200-201 (3d Cir. 1999)). Similarly, other courts have found that "[b]ankruptcy court orders are considered final and therefore appealable as of right *only* when they finally dispose of discrete disputes within the larger case." *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 720 (S.D.N.Y. 1994) (emphasis added and internal quotations and citations omitted).

6. With no citation to any case law, the Reed Creditors assert that "the six factors test is no longer applicable following *Ritzen* and *Energy Future Holdings*."[3] Reed Opposition at 7. Yet, *Energy Future Holdings* does not say that, nor does *Ritzen*. Indeed, nothing suggests that the six factors courts consider in evaluating finality pragmatically are no longer relevant. And, in fact, such a view has been rejected in other jurisdictions where Courts also apply a pragmatic approach to finality.

7. For example, the United States District Court for the Eastern District of California, in *United States Bakery v. Svenhard's Swedish Bakery*, 632 B.R. 312

---

[3] *In re Energy Future Holdings* Corp., 949 F.3d 806 (3d Cir. 2020).

16487845

(E.D. Cal. 2021), had the opportunity to consider *Ritzen*'s effect on that court's pragmatic approach to finality in connection with a bankruptcy court's denial of a creditor's motion to convert a case from Chapter 11 to Chapter 7. When the creditor attempted to appeal the order as a final order pursuant to 28 U.S.C. § 158(a), the District Court rejected the attempt and dismissed the appeal. In doing so, the Court, rejected the view that *Ritzen* negatively affected the Court's ability to look at finality pragmatically. To the contrary, the Court cited *In re Linton*, 631 B.R. 882, 891 (B.A.P. 9th Cir. 2021) for the proposition that "the Supreme Court's *Boulard-Ritzen* decisions confirmed the continued vitality of the … pragmatic or flexible approach to finality in bankruptcy." (internal quotations omitted)). The Court went on to note that, under that approach, "[a]n order in a bankruptcy proceeding is final and thus appealable if it 'alters the status quo and fixes the rights and obligations of the parties . . . [or] alters the legal relationship among the parties." (*quoting Ocwen Loan Servicing LLC v. Marino*, 949 F.3d 483, 487 (9th Cir. 2020).

8.  More recently, the Bankruptcy Appellate Panel of the Ninth Circuit dismissed a creditor's attempt to immediately appeal denial of the creditor's conversion motion. *In re Southern California Research, LLC*, 2022 WL 12724560 (Oct. 18, 2022). There, the BAP again rejected a creditor's assertion that *Ritzen* required a determination that the order denying conversion was final: "The analysis

in *Ritzen* does not support that the Order is final." *Id.* at *2. Notably, the Court held that "the Motion [to convert] did not begin a discrete proceeding before and apart from the bankruptcy cases. And it did not end the litigation on the merits and leave nothing for the court to do but execute on the judgment. *Id*. at *3. The Court also held that "the Order does not seriously affect any parties' substantive rights. Southwestern [the creditor] remains a creditor with all of its rights . . . nothing about the Motion's denial permanently alters the status quo in the cases or fixes or changes any rights or obligations of the parties. *The impact on rights seen in Ritzen are not extant here*." *Id.*

9. Likewise, even if the Court were to reject the pragmatic approach to finality in favor of a test that considers – as described in *Energy Future Holdings* – whether the proceeding "initiates a discrete procedural sequence, including notice and a hearing; requires application of a statutory standard; and does "not occur as part of the adversary claims-adjudication process," *Energy Future Holdings,* 949 F.3d at 817, it becomes clear that the Denial Order is not a final order.

10. The Reed Creditors first assert that the "Eligibility Motion" (their challenge to Alecto's status as a subchapter V debtor) was part of a discrete procedural sequence merely based on notice, an opportunity to object and an evidentiary hearing. The Reed Creditors' view is short-sighted. Indeed, to comply

7

16487845

with constitutional notions of due process, every action in a bankruptcy case requires notice and an opportunity to be heard. The Reed Creditors' broad reading of *Energy Future Holdings* would make virtually every order in a bankruptcy proceeding eligible for immediate appeal.

11. But the Eligibility Motion does not qualify as a discrete procedural unit. It differs materially from the stay relief order considered in *Ritzen*. In *Ritzen,* the stay relief motion was a discrete matter. It was an action between a debtor and a single litigation party with the sole matter being where that action was going to be litigated – either in the bankruptcy court or applicable state law forum. The Court's stay relief order fully and finally determined where that action was going to be litigated and thus was immediately appealable. Nothing more was required.

12. Here, however, Reed's Eligibility Motion is not discrete. Unlike the discrete stay relief motion considered in *Ritzen* – and consistent with the recent holding espoused in *In re Southern California Research, LLC*, *supra,* the Reed Creditors' Eligibility Motion did not begin a discrete proceeding apart from the bankruptcy cases. Nor did it end litigation on the merits. Indeed, nothing about the Eligibility Motion and Denial Order "permanently altered the status quo in the cases or fix or change any rights or obligations of the parties." *Southern California Research* at *2. The bankruptcy case is continuing in its normal course, and, as

noted above, plan confirmation is set for February 6, 2024, less than 30 days from now. Accordingly, the Eligibility Motion is not a discrete proceeding from which an immediate appeal should lie.

13.     Nor does the Reed Creditors' argument that "the bankruptcy court's determination of the Eligibility Motion required application of a statutory standard" pass muster. Reed Opposition at 8. The Reed Creditors attempt to argue that the Bankruptcy Court somehow "interpreted" section 11 U.S.C. § 1182(1)(A), which is the standard applicable to who may be a subchapter V debtor. The Bankruptcy Court, however, in its decision, mentions section 1182 only twice: "The Statutory Predicate for the relief sought by the Reed Creditors is 11 U.S.C. §1182-1." Transcript of ruling at 3. "Section 1182(1)(a) caps non-contingent, liquidated, secured and unsecured debts as of the filing date." Transcript at 8. These two citations to section 1182 hardly qualifies as "interpretation" by the bankruptcy court that warrants immediate appeal of the Denial Order as a final order.

14.     Further, the Reed Creditors ignore that they filed their Eligibility Motion under rule 1020(b) of the Federal Rules of Bankruptcy Procedure. That Rule provides that Alecto's eligibility "shall be in accordance with the debtor's statement under this subdivision, *unless and until the court enters an order finding that the debtor's statement is incorrect.*" As also noted in Alecto's Motion, the Court did

9

not determine that the Debtor's statement was incorrect – and therefore the case "shall be in accordance with the debtor's statement under this subdivision." Fed. R. Bankr. P. 1020(a). Not only does this mandate that the case should continue as a subchapter V case, that mandate undermines any idea that the Denial Order is a final order subject to immediate appeal.

15. Alecto concedes that the Eligibility Motion was not a part of any claims adjudication process. Indeed, the Bankruptcy Court specifically noted as part of the Denial Order that it was neither "allowing nor disallowing any creditors' claim for purposes of Section 502. All of the parties [sic] rights are reserved in their entirety with respect to any potential claims allowance dispute." But that does not make the Denial Order final for purposes of an appeal as of right. In fact, the maintenance of the status quo with respect to the claims further supports Alecto's position that the Denial Order is not a final order that is subject to immediate appeal under 28 U.S.C. §158(a).

16. Alecto relies on and incorporates the remaining arguments in its Motion and requests that the Court hold that the Denial Order is not a final order subject to immediate appeal and dismiss the appeal, and alternatively, deny leave to appeal.

## **CONCLUSION**

WHEREFORE, Alecto respectfully requests that the Court: (i) (a) dismiss the appeal, or (b) in the alterative decline to grant Reed leave to appeal, and (ii) grant Alecto such other and further relief as may be just and proper.

January 10, 2024          **MORRIS JAMES LLP**

/s/ *Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel to the Debtor and Debtor in Possession*